*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* SHAW, Minors.

UNPUBLISHED
June 15, 2023

Nos. 362752; 362753
Macomb Circuit Court
Family Division
LC Nos. 2022-000118-NA;
         2022-000119-NA

Before: RICK, P.J., and SHAPIRO and O'BRIEN, JJ.

O'BRIEN, J. (*dissenting*).

It is undisputed that TS suffered severe, unexplained, nonaccidentental trauma while in respondents' care. The only people called to testify about how TS's trauma happened were respondents, and the referee credited Dr. Bradley Norat's testimony that respondents' explanation for TS's injuries was implausible. This finding necessarily means that respondents—the persons responsible for TS's care at the time that TS suffered severe, nonaccidental trauma—either do not know how the trauma occurred or are refusing to say. Either way, based on that conduct, TS's well-being cannot be assured in their care, i.e., it is reasonably likely that TS will be harmed if returned to respondents' care. Further, although there is no evidence that AS suffered from physical injuries, she is of a similar age to TS and is similarly situated, and thus, the doctrine of anticipatory neglect allows the inference that AS is also in danger of being harmed or neglected if left in respondents' care. See *In re Kellogg*, 331 Mich App 249, 259; 952 NW2d 544 (2020). Accordingly, I would conclude that the trial court clearly erred when it refused to find a statutory ground for termination under, at the very least, MCL 712a.19b(3)(j). I therefore respectfully dissent.

/s/ Colleen A. O'Brien

-1-